VALERIE L. CHANG (SBN 295147)
Email:  vchang@sfmslaw.com
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
Tel:  (323) 510-4060
Fax: (866) 300-7367

*Attorneys for Movants Suprabha Bhat and Thomas McCall*

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOI TRAN, Individually and on behalf of all others similarly situated<br><br>    Plaintiff,<br><br>    v.<br><br>THIRD AVENUE MANAGEMENT LLC, THIRD AVENUE TRUST, M.J. WHITMAN LLC, MARTIN J. WHITMAN, DAVID M. BARSE, JACK W. ABER, WILLIAM E. CHAPMAN II, LUCINDA FRANKS, EDWARD J. KAIER, MARVIN MOSER, ERIC RAKOWSKI, MARTIN SHUBIK, CHARLES C. WALDEN, VINCENT J. DUGAN, W. JAMES HALL III, MICHAEL BUONO, THOMAS LAPOINTE, NATHANIEL KIRK, EDWIN TAI, and JOSEPH ZALEWSKI,<br><br>    Defendants. | No. 2:16-CV-00602-MWF-SS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF**<br><br>Date:        May 2, 2016<br>Time:       10:00 am<br>Courtroom:  Spring Street 1600 – 16th Floor<br>Judge:       Hon. Michael W. Fitzgerald |

[Additional Dockets on Next Page]

| | |
|---|---|
| INTER-MARKETING GROUP USA, INC., Individually and on behalf of all others similarly situated | No. 2:16-CV-00736-MWF-SS |
| Plaintiff, | |
| v. | |
| THIRD AVENUE TRUST, THIRD AVENUE MANAGEMENT LLC, M.J. WHITMAN LLC, MARTIN J. WHITMAN, DAVID M. BARSE, VINCENT J. DUGAN, WILLIAM E. CHAPMAN, II, LUCINDA FRANKS, EDQARD J. KAIER, ERIC RAKOWSKI, MARTIN SHUBIK, CHARLES C. WALDEN and PATRICK REINKEMEYER, | |
| Defendants. | |
| SCOTT MATTHEWS, Individually and on behalf of all others similarly situated | No. 2:16-CV-00770-MWF-SS |
| Plaintiff, | |
| v. | |
| THIRD AVENUE MANAGEMENT LLC, THIRD AVENUE TRUST, M.J. WHITMAN LLC, MARTIN J. WHITMAN, DAVID M. BARSE, JACK W. ABER, WILLIAM E. CHAPMAN II, LUCINDA FRANKS, EDWARD J. KAIER, MARVIN MOSER, ERIC RAKOWSKI, MARTIN SHUBIK, CHARLES C. WALDEN, VINCENT J. DUGAN, W. JAMES HALL III, MICHAEL BUONO, THOMAS LAPOINTE, NATHANIEL KIRK, EDWIN TAI, and JOSEPH ZALEWSKI, | |
| Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPRABHA BHAT, Individually and on behalf of all others similarly situated

     Plaintiff,

     v.

THIRD AVENUE MANAGEMENT LLC, THIRD AVENUE TRUST, M.J. WHITMAN LLC, MARTIN J. WHITMAN, DAVID M. BARSE, JACK W. ABER, WILLIAM E. CHAPMAN II, LUCINDA FRANKS, EDWARD J. KAIER, MARVIN MOSER, ERIC RAKOWSKI, MARTIN SHUBIK, CHARLES C. WALDEN, VINCENT J. DUGAN, W. JAMES HALL III, MICHAEL BUONO, THOMAS LAPOINTE, NATHANIEL KIRK, EDWIN TAI, and JOSEPH ZALEWSKI,

     Defendants.

No. 2:16-CV-00904-MWF-SS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

I.    THE BHAT MOVANTS SHOULD BE APPOINTED
      CO-LEAD PLAINTIFF ALONGSIDE THE RETIREMENT PLAN ...............2

A.  The Bhat Movants Suffered Substantial Personal Losses ...................................2

B.  The Court Has the Discretion to Appoint Individual and Institutional Investors
    as Co-Lead Plaintiffs to Benefit the Class..........................................................3

C.  The Class Will Benefit From the Appointment of Individual and Institutional
    Investors as Co-Lead Plaintiffs...........................................................................4

D.  The Other Individual Movants Are Inadequate And Should Not Be Appointed
    Co-Lead Plaintiffs................................................................................................9

II.   THE BHAT MOVANTS' SELECTION OF COUNSEL SHOULD BE
      APPROVED AS CO-LEAD COUNSEL ........................................................11

III.    CONCLUSION................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Bell v. Ascendent Solutions, Inc.*,
  2002 WL 638571 (N.D. Tex. 2002) ................................................. 6, 8

*Bruce v. Suntech Power Holdings Co., Ltd.*,
  No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702
  (N.D. Cal. Nov. 13, 2012) ............................................................... 10

*Dolan v. Axis Capital Holdings Ltd.*,
  2005 U.S. Dist. LEXIS 6538 (S.D.N.Y. Apr. 13, 2005) ...................... 7

*Freudenberg v. E*Trade Fin. Corp.*,
  2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008) ..................... 7

*In re Cable & Wireless, PLC Securities Litigation*,
  217 F.R.D. 372 (E.D.Va. 2003) ......................................................... 6

*In re Eichenholtz*,
  No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, 2008 WL 3925289
  (N.D. Cal. Aug. 22, 2008) ................................................................. 9

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
  209 F.R.D. 447 (C.D. Cal. 2002) ....................................................... 9

*In re HealthSouth Sec. Litig.*,
  CV-03-BE-1500-S (N.D. Ala. Dec. 1, 2004) ...................................... 5

*In re Level 3 Commc'ns*,
  No. 09-CV-00200-PAB-CBS, 2009 U.S. Dist. LEXIS 44706
  (D. Colo. May 4, 2009) ...................................................................... 9

*In re Lucent Techs., Inc. Sec. Litig.*,
  221 F. Supp. 2d 472 (D.N.J. 2001) .................................................... 5

*In re Neopharm, Inc. Sec. Litig.*,
  2004 U.S. Dist. LEXIS 5814 (N.D. Ill. 2004) ..................................... 5

*In re Oxford Health Plans Inc., Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................... 4, 6, 8

*In re Peregrine Sys. Sec. Litig.*, No. 02cv870-J (RBB),
  2002 U.S. Dist. LEXIS 27690 (S.D. Cal. Oct. 9, 2002)......................................6

*In re Tyco Int'l, Ltd. Secs. Litig.*,
  2000 U.S. Dist. LEXIS 13390 (D.N.H. 2000)................................................3

*In re Versata, Inc.*,
  2001 U.S. Dist. LEXIS 24270, at *26 (N.D. Cal. 2001)......................................8

*Johnson v. Pozen Inc.*,
  No. 1:07CV599, 2008 WL 474334 (M.D.N.C. Feb. 15, 2008) ...........................5

*Laborers Local 1298 Pension Fund v. Campbell Soup Co.*,
  No. CIV. A. 00-152 (JEI), 2000 WL 486956 (D.N.J. Apr. 24, 2000) .................5

*Malasky v. IAC/Interactive Corp.*,
  2004 U.S. Dist. LEXIS 25832 (S.D.N.Y. 2004) .........................................4

*McCracken v. Edwards Lifesciences Corp.*,
  No. 8:13-CV-1463, 2014 U.S. Dist. LEXIS 2147 (C.D. Cal. Jan. 8, 2014) .......10

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141
  (N.D. Cal. June 10, 2014)............................................................10

*Mulligan v. Impax Labs., Inc.*,
  No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013)...2

*Niederklein v. PCS Edventures!.com, Inc.*,
  No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247
  (D. Idaho Feb. 24, 2011) ............................................................9

*Perlmutter v. Intuitive Surgical, Inc.*,
  No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813
  (N.D. Cal. Feb. 15, 2011) ...........................................................2

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004).....................................................6

*Plumbers & Pipefitters Local 51 Pension Fund v. First BanCorp.*,
  409 F. Supp. 2d 482 (S.D.N.Y. 2006)................................................7

*Reitan v. China Mobile Games & Entm't Grp., Ltd*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014) ................................................5

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129  (C.D. Cal. 1999) ............................................2

*Tanne v. Autobytel, Inc*.,
    226 F.R.D. 659 (C.D. Cal. 2005) .....................................................2

*Tice v. NovaStar Fin., Inc*.,
    Nos. 04-0330-CV-W-ODS, 2004 U.S. Dist. LEXIS 16800
    (W.D. Mo. Aug. 23, 2004) ...............................................................6

*Tsirekidze v. Syntax-Brillian Corp*.,
    2008 U.S. Dist. LEXIS 118562, 2008 WL 942273 (D. Ariz. Apr. 7, 2008) ........9

*Weisz v. Calpine Corp*.,
    2002 U.S. Dist. LEXIS 27831, 2002 WL 32818827
    (N.D. Cal. Aug. 19, 2002) ...............................................................6

*Yousefi v. Lockheed Martin Corp.*,
    70 F. Supp. 2d 1061 (C.D. Cal. 1999).......................................4, 6, 8

**Statutes**
15 U.S.C. § 78u-4 ...........................................................................*passim*

1
2
3
4
5
6
7

Lead Plaintiff Movants Dr. Suprabha Bhat and Thomas McCall (collectively the "Bhat Movants") respectfully submit the following memorandum of points and authorities in opposition to the competing motions for appointment as lead plaintiff filed in the above-captioned actions, proposing that the Court appoint the Bhat Movants as co-lead plaintiffs with IBEW Local No. 58 Sound & Communication Division Retirement Plan (the "Retirement Plan"), the institutional investor that has suffered the greatest loss in this litigation.[1]

8
9
10
11
12
13

While the Bhat Movants acknowledge that they do not necessarily have the greatest loss of any lead plaintiff movant, they have suffered the largest loss of any private investor movant of the Third Avenue Focused Credit Fund ("Third Avenue" or the "Fund") who *also satisfies the requirements of Rule 23.* Accordingly, the Bhat Movants are the most qualified individual investor movants seeking appointment as lead plaintiffs with the Retirement Plan.

14
15
16
17
18
19
20

The Court has full authority and discretion to appoint co-lead plaintiffs and co-lead counsel to ensure adequate representation throughout all stages of this case, consistent with the PSLRA. Here, there are significant benefits to the class of having both institutional and individual investors serve as co-lead representatives. Therefore, the Court should appoint the Bhat Movants as a co-lead plaintiff and appoint Levi & Korsinsky LLP ("Levi & Korsinsky") as co-lead

21
22
23
24
25
26
27
28

[1] On April 11, 2016, the Court heard argument on Defendants Michael Buono, Vincent J. Dugan, W. James Hall, II, M.H. Whitman LLC, Third Avenue Management, LLC, and Third Avenue Trust's motion to transfer the pending matter to the Southern District of New York (Dkt. Entry No. 11). Consistent with its tentative ruling, the Court indicated at oral argument that it would be granting that transfer and would not be proceeding with the hearing on the competing motions for appointment, then scheduled for May 2, 2016. So as not to burden the Court with unnecessary filings, given its stated ruling to transfer the matter to the Southern District of New York prior to the May 2, 2016 hearing date, the Bhat Movants did not electronically file the instant opposition on April 11, 2016, the last day to file opposing papers pursuant to Local Rule 7-9. However, two competing movants did submit memoranda related to their respective motions (Dkt. Entry No. 51, 52). The Bhat Movants have sought guidance from the clerk of the Court on the effect of the Court's ruling to the consolidation and lead plaintiff briefing deadlines and, in an abundance of caution, they now file their instant memorandum to avoid any undue prejudice.

counsel and Shepherd Finkelman Miller & Shah LLP ("SFMS") as co-liaison counsel.

## I.   THE BHAT MOVANTS SHOULD BE APPOINTED CO-LEAD PLAINTIFF ALONGSIDE THE RETIREMENT PLAN

### A. The Bhat Movants Suffered Substantial Personal Losses

The presumptive "most adequate plaintiff" is the class member with the largest financial interest in the litigation. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1134 (C.D. Cal. 1999); *Tanne v. Autobytel, Inc*., 226 F.R.D. 659, 663 (C.D. Cal. 2005). Although the PSLRA does not mandate a particular method for calculating financial interest, courts have considered the following factors to aid in their determination: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered. *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *24-*25 (N.D. Cal. Feb. 15, 2011); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013).

As demonstrated in the following chart, the Bhat Movants are the non-institutional movants with the second largest amount of shares purchased, net expenditures, and estimated losses.[2]

| Movant | Shares Purchased | Net Shares | Net Expenditures | Estimated Loss |
|---|---|---|---|---|
| Retirement Plan | 230,340.132 | 230,340.132 | $2,536,114.25 | $1,306,744.52 |
| Bhat Movants | 45,796.81 | 27,791 | $490,588.13 | $135,414.64 |
| Third Avenue Investor Group (4 Individuals) | 63,806 | 51,465 | $528,962.97 | $140,287.49 |
| Stephen L. Craig | 19,342.981 | unknown[3] | $198,000.00 | $93,676.86 |

[2] On April 11, 2016, an investor group composed of Robert Bates, Scott Matthew, and Chad S. Miller withdrew its motion for appointment as Lead Plaintiff. As such, this group has been omitted from the comparative loss chart.

[3] The schedule of transactions accompanying the certification of Mr. Craig appears to be a screenshot of his Vanguard account. *See* Ex. B to the Declaration of Solomon B. Cera in

As the above chart demonstrates, the Bhat Movants have suffered losses comparable to the other movants. While it is clear that the Retirement Plan is the movant with the greatest financial loss, it is beyond dispute that the Bhat Movants have suffered substantial losses and have a large financial interest in the resolution of this action. Moreover, as detailed more herein, the Bhat Movants are the only lead plaintiff movant that submitted a declaration detailing their plans to manage the Action. *See* Ex. F, G to the Declaration of Shannon L. Hopkins in Support of Motion for Suprabha Bhat and Thomas McCall for Appointment as Lead Plaintiffs, Approval of their Selection of Lead Counsel, and Consolidation of Related Actions (the "Hopkins Decl.") (Dkt. Entry No. 29).  Accordingly, the Bhat Movants have suffered substantial losses as private investors of Third Avenue and are the most qualified individual investor movants seeking appointment as co-lead plaintiffs with the Retirement Plan.

### B. The Court Has the Discretion to Appoint Individual and Institutional Investors as Co-Lead Plaintiffs to Benefit the Class

The PSLRA permits the appointment of more than one person or entity as lead plaintiff. *See* 15 U.S.C. 78u-4(a)(3)(B)(i) (directing the Court to "appoint as lead plaintiff the member *or members* of the purported plaintiff class.") (emphasis added). The Court therefore has the authority to appoint the "member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); *In re Tyco Int'l, Ltd. Secs. Litig.*, 2000 U.S. Dist. LEXIS 13390, at *38 (D.N.H. 2000) (appointing three lead plaintiffs and noting that "while a group comprised of many small shareholders might be unwieldy and lack the proper incentive to serve as an effective lead plaintiff ... a group that consists of a small

---

support of the Motion of Stephen L. Craig for (I) Appointment as Lead Plaintiff; and (II) Approval of Selection of Lead Counsel (Dkt. Entry No. 39).  However, it is unclear as to whether these transactions represent *all* transactions in TFCIX or only purchases, as there appears to be a filter applied showing only those transactions for "Transaction types: Buy."

number of large shareholders should be capable of managing this litigation and providing direction to class counsel.").

Indeed, courts often appoint co-lead plaintiffs comprised of institutions and individual investors to ensure that all class members are properly represented and that the potential recovery for all class members is maximized. *See, e.g., In re Oxford Health Plans Inc., Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) (appointing both institutional investors and individual investors as lead plaintiff "ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants."); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) ("The Court also finds that with the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone.").

In addition to being the non-institutional investors with the largest financial interest and a detailed management plan, the Bhat Movants meet the requirements of Rule 23 and will provide a significant benefit to the Class if appointed.  *See* Bhat Movants' Opening Brief (Dkt. Entry No. 29) at 7-9.

### C. The Class Will Benefit From the Appointment of Individual and Institutional Investors as Co-Lead Plaintiffs

The Bhat Movants submit that the Class will benefit most from the combined leadership of both an Insititutional and Individual investor for the following reason. ***First***, appointment of both institutional and individual investors with substantial losses protects the class from potential class certification issues, including avoiding a conflict between institutional and individual investors, and provides strategic flexibility in litigating the action. *See Malasky v. IAC/Interactive Corp.*, 2004 U.S. Dist. LEXIS 25832, at *14 (S.D.N.Y. 2004)

(Finding that an institution/individual co-lead plaintiff structure would protect the interests of the class at class certification in the event one plaintiff later "drops out of the action."); *In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) (finding that appointing a co-lead plaintiff would provide "additional representation [that] may benefit the class and provide flexibility, if needed, in the future"); *Johnson v. Pozen Inc.*, No. 1:07CV599, 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008) ("[A]n institution/individual Co–Lead Plaintiff structure will provide a diversity of representation and also protect the interests of the class at class certification in the event that either Rodriguez or the Pension Fund later leaves the action for whatever reason.") (citing cases).

Notably, the risks associated with appointing a sole lead plaintiff who later withdraws are not merely hypothetical. *See, e.g., In re Neopharm, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 5814, at *9-*10 (N.D. Ill. 2004) (discussing the "delay" and "uncertainty" caused by a sole lead plaintiff's withdrawal); *see also Order on Pending Motions, In re HealthSouth Sec. Litig.*, CV-03-BE-1500-S (N.D. Ala. Dec. 1, 2004) (holding that withdrawal of lead plaintiff "necessitates the re-opening of the process for the appointment of lead plaintiff as mandated by the PSLRA"); *Reitan v. China Mobile Games & Entm't Grp., Ltd*, 68 F. Supp. 3d 390, 398 n.3 (S.D.N.Y. 2014) ("In those cases where a lead plaintiff was appointed and later withdrew…the lead plaintiff process is essentially restarted.")

**Second**, appointing both types of investors as co-lead counsel ensures that counsel are overseen by investors with unique perspectives, which fully represent the interests of the entire class. *See Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. CIV. A. 00-152 (JEI), 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) ("It is the intention of the Court to appoint DeValle, Green and the Treasurer of the State of Connecticut as co-lead plaintiffs pursuant to the PSLRA. Connecticut has the largest financial interest in the suit, and the interest of DeValle and Green, combined, is the second largest. The Court also considers it

desirable to have both an institutional investor, like Connecticut, and individual investors, like DeValle and Green, included as lead plaintiffs since each may bring a unique perspective to the litigation.").

The benefit of diverse and fulsome representation of perspectives has been repeatedly recognized by courts within the Ninth Circuit and elsewhere. *See e.g.*, *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp.2d at 1072 (appointing an individual and institutional investor to serve as co-lead plaintiffs noting "lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone"); *In re Peregrine Sys. Sec. Litig.*, No. 02cv870-J (RBB), 2002 U.S. Dist. LEXIS 27690, at *49-50 (S.D. Cal. Oct. 9, 2002) ("[A]ppointment of co-lead plaintiffs will better represent the class members' varying and perhaps conflicting interests."); *Weisz v. Calpine Corp.*, 2002 U.S. Dist. LEXIS 27831, 2002 WL 32818827, at *8 (N.D. Cal. Aug. 19, 2002) ("The Court finds that appointing both an institutional and an individual investor to serve as co-lead plaintiffs will ensure that all class members will adequately be represented in the prosecution of this action").[4]

---

[4] *See also*, *In re Oxford Health Plans* 182 F.R.D. at 45 (Granting the motions of two institutional investors and a group of major investors to be appointed co-lead plaintiffs to better provide "the proposed class with the substantial benefits of joint decision-making and joint funding" because co-appointment is consistent with the language of the language and purpose of the PSLRA and remarking that when a lead plaintiff, as fiduciary for the class, drops out, the settlement prospects grow adversely dim for the remaining class members); *Laborers Local 1298 Pension* Fund, No. CIV. A. 00-152 (JEI), 2000 WL 486956 at *3 (appointing three separate movants as co-lead plaintiffs and anticipating that each party would bring a "unique perspective" to the litigation); *Bell v. Ascendant Solutions, Inc.*, No. Civ. A. 3:01-CV-0166, 2002 WL 638571, at *5 (N.D. Tex. Apr. 17, 2002) (observing that the inclusion of an institutional investor with two individual investors "improves diversity of experience" for the class); *In re Cable & Wireless, PLC Securities Litigation*, 217 F.R.D. 372, 376 (E.D.Va. 2003) (exercising discretion in appointing an institutional investor as co-lead plaintiff with an individual investor and stating that the appointment of an individual investor and an institutional investor "will ensure that all class members will be adequately represented in this action"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004) (noting that a co-lead plaintiff structure will "help to ensure that adequate resources and experience are available to the prospective class in the prosecution" of the class action); *Tice v. NovaStar Fin., Inc.*, Nos. 04-0330-CV-W-ODS, 2004 U.S. Dist. LEXIS 16800, at *25 n.7 (W.D. Mo. Aug. 23, 2004) ("In addition to being the non-institutional investors with

In circumstances similar to those here, the court in *Freudenberg v. E\*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 62767, at \*3 (S.D.N.Y. July 16, 2008) appointed as co-lead plaintiffs the individual movant and the institutional movant with the largest losses and their respective selection of counsel as co-lead counsel. Specifically, in *E\*Trade* the court appointed the individual movant with the largest loss along with the institutional movant with the largest loss, despite that the four competing institutional movants had losses ranging from 21 to 273 times more than the estimated loss of the individual movant. In so holding, the court expressly recognized the benefit of appointing both an institution and an individual as co-lead plaintiffs:

> Although the other movants have failed to establish any respect in which KSG's interests are not aligned with the other putative class members, *on the possibility that conflicts do ultimately arise, the interests of the class can be protected by the appointment of a co-lead plaintiff*. (Emphasis Added.)

\*\*\*

This benefit is particularly cognizable here, as a significant percentage of Third Avenue is held by individual investors. This factor further supports the Bhat Movants appointment as the non-institutional investors with the largest financial

_____

the largest financial interest, the Daniels meet the requirements of Rule 23. Appointing co-lead plaintiffs will ensure a broader, more diverse representation of the class, thereby protecting the various interests of its members."); *Dolan v. Axis Capital Holdings Ltd.*, 2005 U.S. Dist. LEXIS 6538, at \*13-16 (S.D.N.Y. Apr. 13, 2005) (Co-lead plaintiffs "will be able to pool financial resources, knowledge and experiences, and may also reap the 'benefits of joint decision-making' when pressed with difficult choices. Moreover, a co-lead structure will provide flexibility and stability to the class, especially if either party drops out of the action or compromises the class in some other fashion.") (internal citation omitted); *Plumbers & Pipefitters Local 51 Pension Fund v. First BanCorp.*, 409 F. Supp. 2d 482, 483 (S.D.N.Y. 2006) (appointing two individual investors and an institutional investor that "could collectively fulfill the functions of lead plaintiff in a fair, adequate, and effective manner"); *Johnson* 2008 U.S. Dist. LEXIS 12004, at \*6-7 ("[T]he appointment of one Lead Plaintiff who is an individual private investor and one Lead Plaintiff that is an institutional investor will ensure that a broader range of shareholder interests will be represented than if the court appointed an individual or an institutional investor alone.")

interest and a detailed management plan. *In re Oxford Health Plans* 182 F.R.D. at 50 ("The rebuttable presumption created by the PSLRA which favors the plaintiff with the largest financial interest was not intended to obviate the principle of providing the class with the most adequate representation.").  The losses suffered by the Bhat Movants are more identical to the losses suffered by other private investors in Third Avenue, and different from the losses suffered by institutional investors which can more readily absorb and offset losses. *Id*. at 46 ("While the legislative history of the PSLRA suggests a desire that institutional investors be preferred as class representatives, not all institutional investors are similarly situated."); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d at 1071 ("The Court also finds that with the appointment of one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor, the lead plaintiffs will represent a broader range of shareholder interests than if the Court appointed an individual or an institutional investor alone.") The individual investors of Third Avenue deserve to have their unique interests represented by Class leadership.

Here, the Bhat Movants and the Retirement Plan would be a small, cohesive group comprised to ensure that the class will receive the broadest representation possible. *See Bell v. Ascendent Solutions, Inc.*, 2002 U.S. Dist. LEXIS 6850, at *16-*17 (N.D. Tex. 2002) (Solis, J.) (reasoning that the inclusion of an institutional investor with two individual investors "improves diversity of experience" for the class); *In re Versata, Inc.*, 2001 U.S. Dist. LEXIS 24270, at *26 (N.D. Cal. 2001) ("The group possesses both sophistication and business knowledge, as well as substantial individual losses which adds meaningful incentive for a vigorous prosecution of the action."). The Bhat Movants' efforts to represent a broader range of shareholder interests should be rewarded, not undermined. *See id*.

## D. The Other Individual Movants Are Inadequate And Should Not Be Appointed Co-Lead Plaintiffs

The Bhat Movants are the only adequate private investors seeking appointment as co-lead plaintiff with the Retirement Plan. There are two other individual investors currently seeking appointment as lead plaintiff or co-lead plaintiff: (i) Third Avenue Investor Group (4 individuals); and (ii) Stephen L. Craig.

The Third Avenue Investor Group is inadequate to serve as lead plaintiff or co-lead plaintiff because it is not a cohesive group, as mandated by the PSLRA and has failed to submit any plan to the Court detailing how it anticipates managing the Action. *See e.g.*, *In re Level 3 Commc'ns, No.* 09-CV-00200-PAB-CBS, 2009 U.S. Dist. LEXIS 44706, at *12 (D. Colo. May 4, 2009) (refusing to appoint a group where the joint declaration presented little evidence of "mechanisms for cooperation, dispute resolution, or communication among the group members and counsel"); *In re Eichenholtz*, No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, 2008 WL 3925289, at *9 (N.D. Cal. Aug. 22, 2008) (refusing to appoint a group that did not show how they would coordinate their efforts in the litigation).[5] Accordingly, it is not a cohesive group under the PSLRA and must be rejected.

---

[5] *See also*, *Tsirekidze v. Syntax-Brillian Corp.*, 2008 U.S. Dist. LEXIS 118562, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (refusing to appoint a group as lead plaintiff that lacked any evidence of cohesiveness); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 451-452 (C.D. Cal. 2002) (recognizing the uniform view that courts find it inappropriate to appoint a group as lead plaintiff where its members do not have a pre-existing relationship or provide any explanation for the formation of the group); *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *20-21 (D. Idaho Feb. 24, 2011) ("To remain consistent with the purposes of the PSLRA's lead plaintiff provisions, the Court concludes that a pre-existing relationship or evidence of cohesion between or among members of the group seeking appointment as lead plaintiff is essential…Instead of explaining how the members of the Padgett Group are prepared to work together to manage this litigation on behalf of the proposed class, the Padgett Group has submitted merely boilerplate certifications discussing the stock purchases and alleged losses for the group's two members… Here, the record before the Court fails to establish that the Padgett Group is a proper group for lead plaintiff appointment.")

By comparison, courts have found that groups of two individuals with a detailed management plan were a cohesive group. *See e.g.*, *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141, at *20-21 (N.D. Cal. June 10, 2014) ("In support of its motion for appointment as lead plaintiff, FIG has submitted declarations from each of the two individuals comprising FIG professing the readiness and willingness to serve as a representative party on behalf of the class. They also claim they will work cooperatively together to direct and supervise the activities of counsel to best vindicate the interests of all shareholders and to vigorously prosecute the case. Additionally, they have been in contact to discuss how information will be shared and how the litigation will be managed on a day-to-day basis. Courts have found that such joint declarations are demonstrative of a movant group's adequacy as lead plaintiff.")[6] Moreover, the Bhat Movants have suffered greater losses on an individual basis than any individual investor in the Third Avenue Investor Group.

As such, the Third Avenue Investor Group should not be appointed lead plaintiff or co-lead plaintiff because, *inter alia*: (i) its size is unmanageable, (ii) it has failed to submit a management plan to the Court, and (iii) it has not suffered greater losses than the Bhat Movants on an individual basis.

Similarly, Stephen L. Craig is inadequate to serve as lead plaintiff or co-lead plaintiff because he has misrepresented his losses in Third Avenue securities to this Court. In his memorandum in support of his appointment as lead plaintiff, Craig represented that his estimated loss was approximately $198,000, as based on

---

[6] *See also*, *Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702, at *9-10 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of investors that submitted a joint declaration "attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class."); *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-CV-1463, 2014 U.S. Dist. LEXIS 2147, at *12-17 (C.D. Cal. Jan. 8, 2014) (appointing as lead plaintiff a group of investors that submitted a joint declaration describing procedures for overseeing litigation as lead plaintiff).

his net expenditures of approximately $198,000. This calculation, using net expenditures as the basis for estimated loss, is plainly contrary to the procedure for calculating loss mandated by the PSLRA which calls for the application of the mean trading price during the "90 day look back" period for determining damages. *See* 15 U.S.C. § 78u-4(e). Then, in a subsequent footnote in his memorandum in support his appointment as lead plaintiff, Craig represented that his losses were approximately $102,000, based on the closing price of Third Avenue on March 29, 2016. This calculation, using a look back date after the Class Period, is again plainly contrary to the procedure for calculating loss mandated by the PSLRA. *Id*. The multiple misrepresentations of his losses to the Court inflated his estimated loss by $104,323.14 (based on the incorrect estimation of $198,000) or $8,323.14 (based on the incorrect calculation of $102,000). Moreover, as discussed above, it is unclear whether Mr. Criag's transactions represent *all* of his transactions in TFCIX or only purchases, as there appears to be a filter applied showing only those transactions for "Transaction types: Buy." Craig's demonstrable ignorance at best, or willful disregard at worst, for the procedures plainly mandated by the PSLRA render him woefully inadequate.

## II.   THE BHAT MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED AS CO-LEAD COUNSEL

The Bhat Movants request that in the event they are appointed co-lead plaintiff, their counsel, Levi & Korsinsky, be appointed co-lead counsel with the proposed lead counsel for the Retirement Plan, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"). Levi & Korsinsky has worked with Robbins Geller extensively in the past and is confident that the two firms could work together to effectively serve the interests of the class as co-lead counsel. In addition, the Bhat Movants request that their local counsel, SFMS, be appointed as co-liaison counsel with local counsel for the Retirement Plan.

### III.    CONCLUSION

As set forth above, the Bhat Movants respectfully request that the Court appoint them co-lead plaintiff of the instant action, and the law firm of Levi & Korsinsky be appointed co-lead counsel for the class and the law firm of SFMS be appointed co-liaison counsel for the class.

Dated:  April 12, 2016                          Respectfully submitted,


                                                **SHEPHERD FINKELMAN**
                                                **MILLER & SHAH LLP**

                                                By:  */s/Valerie L. Chang*
                                                     Valerie  L.  Chang  (SBN 295147)
                                                     11755  Wilshire  Blvd.,  15th  Floor
                                                     Los Angeles, CA 90025
                                                     Tel:  (323) 510-4060
                                                     Fax: (866) 300-7367
                                                     Email:  vchang@sfmslaw.com

                                                     Rose F. Luzon (SBN 221544)
                                                     401 West A Street, Suite 2550
                                                     San Diego, CA 92101
                                                     Tel: (619) 235-2416
                                                     Fax: (866) 300-7367
                                                     Email: rluzon@sfmslaw.com


                                                **LEVI & KORSINSKY LLP**
                                                Shannon L. Hopkins
                                                   (to be admitted *pro hac vice*)
                                                733 Summer Street, Suite 304
                                                Stamford, CT 06901
                                                Tel: (203) 992-4523
                                                Fax: (212) 363-7171
                                                Email: shopkins@zlk.com

                                                 *Attorneys for Movants Suprabha Bhat and*
                                                 *Thomas McCall*